UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:25-cv-03378-MMM |
| | ) | |
| FARRINGTON, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Plaintiff proceeding pro se under 42 U.S.C. § 1983, presently incarcerated at Lincoln Correctional Center, asserts claims for deliberate indifference to serious medical needs.

The case is before the Court for a merit review of Plaintiff's complaint. The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff names as Defendants Warden Farrington, Nurse Whitley, C/O Sleeter, and Jane Does I and II.

Plaintiff alleges he has been a long-time opioid addict and that his addiction has been controlled by buprenorphine. He alleges that he was abruptly denied this medication without reason and without tapering his dosage, causing severe withdrawal symptoms. He alleges Doctor Jane Doe, Jane Doe II, Nurse Whitley, and Officer Sleeter worked together to cease his medication and to refuse to provide him with alternates or a tapering period.

Plaintiff states a plausible Eighth Amendment claim for deliberate indifference to a serious medical need against Doctor Jane Doe, Jane Doe II, Nurse Whitley, and Officer Sleeter. Plaintiff has plausibly alleged that the individual Defendants knowingly denied Plaintiff needed medical care. Plaintiff alleges the denied treatment caused him to suffer unnecessary pain and suffering and was not medically indicated. *See Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016) (en banc).

Plaintiff fails to state a claim against warden Farrington. Plaintiff does not provide any allegations showing her personal involvement in the alleged deprivations, aside from her processing his grievances. But it is clear that Plaintiff was under the care of the medical department and the Warden was entitled to defer to the medical professional's treatment decisions. Plaintiff's claims against this Defendant are dismissed. *See Rasho v. Elyea*, 856 F.3d 469, 478 (7th Cir. 2017) ("[I]n order to hold an individual defendant liable under § 1983 for a violation of an inmate's constitutional

rights, the inmate must show that the defendant was personally responsible for that violation.").

Plaintiff has filed a motion for temporary restraining order. The Court reserves ruling on that motion until Defendants are served and respond to it. Plaintiff alleges he is still in prison, and that the operative facts regarding the ending of his opioid use disorder medications occurred at the beginning of November, so the acute phase of any withdrawal symptoms has at this point passed. The Court will rule on the motion for restraining order once it is fully briefed.

IT IS THEREFORE ORDERED:

1. **Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that the plaintiff states a plausible Eighth Amendment claim for deliberate indifference to a serious medical need against Doctor Jane Doe, Jane Doe II, Nurse Whitley, and Officer Sleeter. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

2. **This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

3. **The court will attempt service on the defendants by mailing each defendant a waiver of service. If a defendant fails to sign and return a waiver of service to the clerk within thirty days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

4. **With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or,**

if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

5. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and later pleadings shall be to the issues stated in this order. Generally, an answer sets out the defendants' positions. The court does not rule on the merits of those positions unless a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered. After the defendants have been served and have answered, the court will enter an order setting discovery and dispositive motion deadlines.

6. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are NOT filed with the clerk. The plaintiff must mail discovery requests and responses directly to counsel for the appropriate defendant. Discovery requests or responses sent to the clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until the court has entered a scheduling order, which will explain the discovery process in more detail.

7. Counsel for the defendants is hereby granted leave to depose the plaintiff. Counsel for the defendants shall arrange the time for the deposition.

8. The plaintiff shall immediately notify the court, in writing, of any change in mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit.

9. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Entered this 17th day of December, 2025.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE
